IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM MOSS,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**CONTINENTAL TIRE THE AMERICAS, LLC,**<br><br>        **Defendant.** | Case No. 24-CV-01477-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Dismiss filed by Defendant Continental Tire the Americas, LLC. (Doc. 22). Having been fully informed of the issues presented, Continental's Motion to Dismiss is **GRANTED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff William Moss is a former employee of Continental, having worked at their location in Jefferson County, Illinois from October 2021 to November 2022. (*See* Doc. 1, ¶¶ 8, 21). Moss alleges that he was subjected to various forms of discrimination and retaliation while employed at Continental. (*See generally id.*). His Complaint alleges five causes of action: (1) race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*; (2) gender/sexual harassment/discrimination in violation of Title VII; (3) retaliation in violation of Title VII; (4) creation of a hostile workplace in violation of Title VII; and (5) discrimination in violation of 42 U.S.C. § 1981. (*See id.*).

Moss received a Right to Sue Notice from the U.S. Equal Employment Opportunity Commission ("EEOC") on March 12, 2024. (*Id.*, § 27). He filed the instant Complaint on June 10, 2024. (*Id.*). Continental filed the pending Motion to Dismiss (Doc. 22) on October 21, 2024. Moss filed a Response on November 11, 2024. (*See* Doc. 23).

## APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th

Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

When assessing Moss's Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id.* The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404. While it is true that a Complaint need only allege sufficient facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly* at 570), as noted above, a plaintiff cannot simply put "a few words on paper . . . that might suggest" something illegal *might* have happened. *Swanson*, 614 F.3d at 403.

Continental argues that Moss has not pleaded his claims with sufficient specificity to meet the high bar of *Twombly* and *Iqbal*. (*See* Doc. 22). Calling his Complaint "barebones and conclusory," Continental argues that the two occurrences Moss cites as evidence of discrimination by Continental (being called a racial epithet

by an unnamed coworker and being suspended for leaving the business premises to buy lunch) are insufficient as a basis for discrimination, retaliation, and hostile work environment claims pursuant to Title VII and § 1981. (*See id.*, pp. 2–3). They argue that "Plaintiff's claims fail because he does not plead facts to support the essential elements of his claims and has not 'nudged [his] claims across the line from conceivable to plausible.'" (*Id.*, p. 5 (quoting *Twombly*, 550 U.S. at 570)).

Moss argues that "[t]he federal rules do not require a claimant to set out in detail the facts upon which he bases his claim," and that, "[i]nstead, all that is required is that the claimant set forth a 'short and plain statement of the claim' sufficient to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (Doc. 23, p. 3 (quoting *Iqbal*, 556 U.S. at 677)).

The Seventh Circuit provided the following example of the requirements in Title VII cases:

> A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or not it describes what "really" went on in this plaintiff's case.

*Swanson v. Citibank*, N.A., 614 F.3d 400, 404–05 (7th Cir. 2010). Thus, while Moss is not required to *prove* his case at the pleading stage or to provide a detailed factual summary, he "must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Id.* at 404. In *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022), the Seventh Circuit stated that even

though "all agree Kaminski alleges she lost her job because of her age, race, and national origin," that "Rule 8 requires more."[1] *Id.* (citing *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 855 (7th Cir. 2019); FED. R. CIV. P. 8). That being said, "[s]atisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination." *Id.* (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). "Put more plainly, a plaintiff need not allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment. She certainly does not need to identify—as the district court seems to have suggested—a similarly situated employee who managed to avoid termination." *Id.* (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014)).

In *Swanson*, the Seventh Circuit stated that the following are "key questions": (1) "what, exactly, does it take to give the opposing party 'fair notice'"; (2) "how much detail realistically can be given, and should be given, about the nature and basis or grounds of the claim"; and (3) "in what way is the pleader expected to signal the type of litigation that is being put before the court?" 614 F.3d at 404. Additionally, the addition of "other, largely extraneous facts in [a] complaint does not undermine the soundness of [the] pleading." *Id.* at 405.

Considering all of the above, the critical issue here is whether Moss's Complaint hews closer to *Kaminski* or to *Swanson*. Compare *Kaminski v. Elite*

---

[1] Of note is that Kaminski was *pro se*. *See* 23 F.4th at 777. As he is represented by counsel, Moss must meet a higher standard in his pleadings than that afforded to those without legal training.

*Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("The one detail Kaminski does allege about her discharge is that Elite Staffing fired her pursuant to a company policy. But her complaint says no more—nothing allowing us to see a link between any aspect of that policy and her contention that the agency discharged her because she is Polish, white, or over 50. Right to it, Kaminski's complaint allows no inference that Elite Staffing engaged in discrimination."), *with Swanson*, 614 F.3d at 405 ("Swanson's complaint identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint." (citations omitted)).

Turning to the instant case, Moss has clearly informed Continental that he is bringing suit for discrimination, retaliation, and for a hostile work environment in accordance with Title VII and § 1988. (*See* Doc. 1). He has obtained an authorization to sue letter from the EEOC. (*See* Doc. 1, ¶ 27). Moss has also clearly signaled the type of litigation that is brought before this Court, which Continental understands as a sophisticated employer. *(See, e.g.*, Doc. 22, p. 6). The Seventh Circuit has explicitly stated that "[e]mployers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson* at 827 (citing *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007)). The critical question, then, is whether or not Moss has provided a sufficient level of detail regarding the events in question in his pleadings.

While Moss is not required to allege every element of a prima facie case as Continental argues, he must provide sufficient detail in his Complaint. *See Kaminski*,

23 F.4th at 777 (citing *Carlson*, 758 F.3d at 830). Moss does not state who used a racial epithet against him, to whom this incident was reported, or when the incident or report occurred. He also states that he was harassed by a female employee because of his sex but does not provide any details on the identity of the female employee or the content of the harassment other than the fact that he was questioned by the employee for violating a purported company policy in leaving the premises for lunch and was harassed by her after that incident. (*See* Doc. 1, ¶¶ 19–20); *Swanson* at 405. Like in *Kaminski*, Moss has failed to adequately plead that facts that underlie his case. *See* 23 F.4th at 777. While Moss is not required to plead every single element of a prima facie case, he must provide more than a solitary utterance of a racial epithet by an unnamed coworker (was the individual a peer? A manager?) and general allegations of sexual harassment which lack details on the specifics of the conduct at issue.

This Court does note that Continental attempts to apply a heightened pleading standard in their Motion to Dismiss of which the Seventh Circuit expressly disapproved.[2] (*See* Doc. 22, p. 8); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Title VII claims are not subject to a heightened pleading standard." (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002); *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); *Swanson*, 614 F.3d at 404)). In

---

[2] Continental does soften these arguments in their Reply. (*See* Doc. 24, p. 2 ("Contrary to Plaintiff's insinuation, Continental does not argue that Plaintiff must plead all elements of a *prima facie* case of employment discrimination or retaliation in his Complaint. To the contrary, Continental points out that *all Plaintiff has done* is made conclusory statements to fit certain elements of *prima facie* cases of discrimination and retaliation (*e.g.*, that 'Plaintiff's non-Black counterparts were treated better than him')—but Plaintiff has not pled any ***facts*** necessary to 'nudge [his] claims across the line from conceivable to plausible.'" (quoting *Twombly*, 550 U.S. at 570))).

*Kaminski*, the Seventh Circuit stated that they needed "to sound a soft note of concern about the approach the district court seems to have taken in dismissing Kaminski's second amended complaint" because "a plaintiff need not allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment. She certainly does not need to identify—as the district court seems to have suggested—a similarly situated employee who managed to avoid termination." *Kaminski* at 777. In summary, "[t]o survive screening or a motion to dismiss, a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was connected to her protected characteristics." *Id.* (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021); *Tamayo*, 526 F.3d at 1084); *see Carlson*, 758 F.3d at 827 ("In Carlson's second amended complaint (the operative one), she alleged which positions she sought and was denied, and she attributed the denial to sex discrimination, satisfying the standard applied in *Swanson*, *Tamayo*, and *Concentra*."). Either way, while Continental may have overstated their arguments in their Response, they are correct that Moss's Complaint does not provide enough factual material to nudge his claims across the line between possible and probably.

Therefore, viewing Moss's Complaint in light of *Kaminski* and *Swanson*, the Court holds that the instant Complaint does not comport with the specificity requirements of Federal Rule of Civil Procedure 8 and with Seventh Circuit caselaw. However, because Moss has not been provided with the opportunity to amend his Complaint, the Court will grant him leave to file an amended complaint to meet the requirements of Rule 8. *See White v. Ill. State Police*, 15 F.4th 801, 808 (7th Cir. 2021)

("Nonetheless, we remind district courts that a plaintiff should ordinarily 'be given at least one opportunity to try to amend her complaint before the entire action is dismissed.'" (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015)) (citing *O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 628–29 (7th Cir. 2020))).

## CONCLUSION

For the reasons set forth above, Continental's Motion to Dismiss (Doc. 22) is **GRANTED**. Plaintiff Moss's Complaint (Doc. 1) is **DISMISSED without prejudice**. Moss may file an amended complaint on or before January 2, 2025 based on the parameters of this Order.

**IT IS SO ORDERED.**

**DATED:  December 12, 2024**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge