IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MOSS, <br><br> Plaintiff, <br><br> v. <br><br> CONTINENTAL TIRE THE AMERICAS, LLC, <br><br> Defendant. | Case No. 24-CV-01477-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Dismiss filed by Defendant Continental Tire the Americas, LLC. (Doc. 27). Having been fully informed of the issues presented, Continental's Motion to Dismiss is **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff William Moss is a former employee of Continental, having worked at their location in Jefferson County, Illinois from October 2021 to November 2022. (*See* Doc. 1, ¶¶ 8, 21). Moss alleges that he was subjected to various forms of discrimination and retaliation while employed at Continental. (*See generally id.*). His Complaint alleges five causes of action: (1) race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*; (2) gender/sexual harassment/discrimination in violation of Title VII; (3) retaliation in violation of Title VII; (4) creation of a hostile workplace in violation of Title VII; and (5) discrimination in violation of 42 U.S.C. § 1981. (*See id.*).

Moss received a Right to Sue Notice from the U.S. Equal Employment Opportunity Commission ("EEOC") on March 12, 2024. (*Id.*, § 27). He filed his initial Complaint on June 10, 2024. (*Id.*). Continental filed a Motion to Dismiss (Doc. 22) on October 21, 2024; this Court granted the Motion to Dismiss and ordered Moss to file an amended complaint on December 12, 2024 (Doc. 25). Moss filed his Amended Complaint on January 2, 2025 (Doc. 26); in response, Continental filed another Motion to Dismiss on January 16, 2025 (Doc. 27). Moss filed a Response on January 30, 2025 (Doc. 28), to which Continental replied (Doc. 29).

## APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

As this Court has noted previously, when assessing Moss's Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. *Id.* The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I]nstead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Once more, Continental argues that Moss's "barebones and conclusory Complaint" does not provide sufficient specificity to survive the *Twombly* and *Iqbal* standard. (*See* Doc. 27). Continental argues that "Plaintiff's Amended Complaint is largely the same as his original Complaint, with the sole addition of four names and

four alleged facts in paragraphs 10, 17, 24, and 25" and that, out of "Plaintiff's 85-paragraph Amended Complaint, only 18 paragraphs arguably contain factual allegations." (*Id.*, p. 2 (citing Doc. 26, ¶¶ 7–19, 21–25)). Continental argues that, even with the benefit of the Court's guidance to Moss on what information he needs to add to his pleadings (Doc. 27, p. 4 (citing Doc. 25, p. 5)), he has still failed to provide a sufficient level of detail. (*Id.*). Regarding Moss's Title VII discrimination claim, Continental argues that Moss admits that he violated Continental's lunch policy, that he only provides conclusory statements that do not move the dial from "conceivable to plausible" (*Id.*, p. 5 (quoting *Twombly*, 550 U.S. at 570)). They argue that he has still failed to allege any information on how exactly he was harassed because of his gender. (*Id.*, p. 8). Continental also argues that Moss's "request that someone put Continental's lunch policy in writing is not a protected activity and cannot serve as the basis for a Title VII retaliation claim" and that "even if Continental makes the assumption that the 'situation' Plaintiff reported to Mr. Hawkins was that 'Hobbs' allegedly used the N-word, Plaintiff does not sufficiently plead a causal connection between this alleged complaint and his discharge." (*Id.*, p. 9 (citing *Fernandez v. Cent. States Pension Fund*, No. 23-CV-16313, 2024 WL 4213242, at *7 (N.D. Ill. Sept. 17, 2024))). They also argue that a single use of a racial epithet is not sufficient to allege a hostile work environment. (*Id.*, p. 11 (collecting cases)). Finally, Continental argues that Moss has failed to allege that race was the "but for" cause of his termination to meet the pleading requirements for his § 1981 race-based discrimination claim. (*Id.*, pp. 12–13 (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020))).

Moss's Response to the instant motion is nearly identical to his Response to Continental's first Motion to Dismiss. (*Compare* Doc. 28 *with* Doc. 23). Moss insists that he need not plead every element of a prima facie case and that each of his claims is sufficiently plead in line with *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), *Twombly*, and *Iqbal*. (Doc. 28).

Continental insists in its Reply that Moss has misstated Continental's burden by citing caselaw abrogated by *Twombly* and *Iqbal*; that Continental has never argued that Moss has to plead all elements of a prima facie discrimination or retaliation case; that Plaintiff's legal conclusions are not enough to save his Amended Complaint; that Moss cannot rely on discovery to provide him with the details he seeks; that Moss misstates the § 1981 "but for" cause requirement; and, finally, that Moss has not cured the deficiencies in his hostile work environment claim. (*See* Doc. 29).

Recall that the Seventh Circuit provided the following exemplar of the pleading standard in Title VII cases:

> A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or not it describes what "really" went on in this plaintiff's case.

*Swanson v. Citibank*, N.A., 614 F.3d 400, 404–05 (7th Cir. 2010). Thus, while Moss is not required to *prove* his case at the pleading stage or to provide a detailed factual summary, he "must give enough details about the subject-matter of the case to

present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Id.* at 404.

In its previous Order, the Court compared *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774 (7th Cir. 2022) with *Swanson*, 614 F.3d at 400. (Doc. 25) In *Kaminski*, the Seventh Circuit stated that even though "all agree Kaminski alleges she lost her job because of her age, race, and national origin," that "Rule 8 requires more," even considering the plaintiff's *pro se* status. *Id.* at 777 (citing *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 855 (7th Cir. 2019); FED. R. CIV. P. 8). That being said, "[s]atisfying Rule 8 and the accompanying standards articulated by the Supreme Court in *Twombly* and *Iqbal* does not require a plaintiff to plead a prima facie case of employment discrimination." *Id.* (citing *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). "Put more plainly, a plaintiff need not allege facts aligning with her claim's every element, which she will have to prove for her claim to survive summary judgment. She certainly does not need to identify—as the district court seems to have suggested—a similarly situated employee who managed to avoid termination." *Id.* (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014)). In *Swanson*, the Seventh Circuit stated that the following are "key questions": (1) "what, exactly, does it take to give the opposing party 'fair notice'"; (2) "how much detail realistically can be given, and should be given, about the nature and basis or grounds of the claim"; and (3) "in what way is the pleader expected to signal the type of litigation that is being put before the court?" 614 F.3d at 404. Additionally, the addition of "other, largely extraneous facts in [a] complaint does not undermine the soundness of [the] pleading." *Id.* at 405.

Considering all of the above, once again, the crux of the issue is whether Moss's Complaint is analogous to *Kaminski* or to *Swanson*. *Compare Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) ("The one detail Kaminski does allege about her discharge is that Elite Staffing fired her pursuant to a company policy. But her complaint says no more—nothing allowing us to see a link between any aspect of that policy and her contention that the agency discharged her because she is Polish, white, or over 50. Right to it, Kaminski's complaint allows no inference that Elite Staffing engaged in discrimination."), *with Swanson*, 614 F.3d at 405 ("Swanson's complaint identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint." (citations omitted)).

Yet again, this Court notes that it is obvious that Moss has notified Continental that he is bringing suit for discrimination, retaliation, and for a hostile work environment in accordance with Title VII and § 1988. (*See* Doc. 26). He has obtained an authorization to sue letter from the EEOC. (*See* Doc. 1, ¶ 27). Moss has signaled the type of litigation that is brought before this Court, which Continental clearly understands as a sophisticated employer. *(See, e.g.*, Doc. 22, p. 6). Recall that the Seventh Circuit has expressly stated that "[e]mployers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson* at 827 (citing *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007)). The

critical question, then, is whether or not Moss has provided a sufficient level of detail regarding the events in question in his pleadings.

While Moss is not required to allege every element of a prima facie case, he must provide sufficient detail in his Complaint. *See Kaminski*, 23 F.4th at 777 (citing *Carlson*, 758 F.3d at 830); *Swierkiewicz*, 534 U.S. at 510). To review, Moss alleges that Hobbs called him the N-word, which he reported to Matt Hawkins in human resources (who allegedly did nothing); that another coworker (Alisha) asked him whether he left the premises to buy lunch and then harassed him because of his sex; that his complaints about harassment based on his sex went unanswered; that his suspension for leaving for lunch was due to his race; and that he was ultimately terminated because of his race, even though Defendant claims it was due to his "attitude." (*See* Doc. 26, ¶¶ 9–25).

A recently decided case, *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335 (7th Cir. 2024), is instructive here. (*See* Doc. 28, p. 4 (citing *Thomas*); Doc. 29, p. 6 (citing the same)). In *Thomas*, the Seventh Circuit stated that "Because racial discrimination in employment is 'a claim upon which relief can be granted', [such a] complaint [may] not be dismissed under Rule 12(b)(6). 'I was turned down for a job because of my race' is all a complaint has to say." 120 F.4th at 1337 (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). They held that "[a]ny doubt about this was dispelled by *Swierkiewicz*" because the Supreme Court held that "these elements set out an evidentiary standard, not a pleading rule." *Id.* (citing 534 U.S. at 506). The Seventh Circuit also stated that while they "appreciate that district judges may be impatient with suits that do not seem promising, because the judges doubt that

plaintiffs will be able to marshal enough evidence to get to trial," that "the time to demand evidence is the summary-judgment stage." *Id.* at 1338.

Plaintiff cites *Thomas* approvingly (Doc. 28, p. 4) while Continental insists that it is distinguishable because Thomas was *pro se*, *see Thomas v. JBS Green Bay, Inc.*, No. 23-C-861, 2023 WL 8582272 (E.D. Wis. Dec. 11, 2023), and because *Thomas* quoted a pre-*Twombly/Iqbal* case, *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). *See* 120 F.4th at 1337; (Doc. 29, pp. 5, 6 (citing the same)). *Thomas* expressly holds that the district court's insistence "that Thomas's complaint narrate facts corresponding to elements" was "the exact requirement rejected by the Supreme Court in *Swierkiewicz*. That something must be proved (if plaintiff is to win) does not imply that it must be alleged in the complaint." 120 F.4th at 1338 (citing 534 U.S. at 506). As an example, the Seventh Circuit cases that hold that one utterance of a racial epithet is not enough to create a hostile work environment, *see, e.g.*, *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 997 (7th Cir. 2002), were decided at summary judgment, not at the Rule 12(b)(6) motion to dismiss stage.

Therefore, even though this Court (like the district court in *Thomas*) is concerned about the lack of detail in Moss's Amended Complaint (especially with respect to his sex discrimination claim), *Thomas* is clear that "[a]ll the complaint need do is state a grievance. Details and proofs come later." 120 F.4th at 1338. Thus, if Moss's claims "are deficient, they can be pared off on summary judgment." *Id.* at 1338. Although Continental disagrees, the pleading standard for discrimination cases like this one provides a low bar. Moss has met that bar (though not by much). This case must move forward into discovery.

## CONCLUSION

For the reasons set forth above, Continental's Motion to Dismiss (Doc. 22) is **DENIED**. This case will be set for a scheduling conference via a separate order.

**IT IS SO ORDERED.**

**DATED:  March 10, 2025**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**
