IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM MOSS,

        **Plaintiff,**

v.

**CONTINENTAL TIRE THE AMERICAS, LLC,**

        **Defendant.**

Case No. 24-CV-01477-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Before the Court is a Motion to Compel Plaintiff's Discovery Responses filed by Defendant Continental Tire The Americas, LLC. (Doc. 42). Having been fully informed of the issues presented, Continental's Motion to Compel is **GRANTED in part and DENIED in part**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff William Moss is a former employee of Continental, having worked at their location in Jefferson County, Illinois from October 2021 to November 2022. (*See* Doc. 26). Moss alleges that he was subjected to various forms of discrimination and retaliation while employed at Continental and brings the following claims in his operative Amended Complaint: (1) race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*; (2) gender/sexual harassment/discrimination in violation of Title VII; (3) retaliation in violation of Title VII; (4) creation of a hostile workplace in violation of Title VII; and (5) discrimination in violation of 42 U.S.C. § 1981. (*See id.*).

This Court entered a Scheduling Order on March 21, 2025. (Doc. 34). Defendant Continental filed a Motion for Protective Order on July 16, 2025; Continental requested this Court to ensure that Plaintiff's deposition was completed prior to taking Continental's corporate representative's deposition. (Doc. 39). This Court granted Continental's Motion for Protective Order on August 4, 2025. (Doc. 41). The instant Motion was filed on August 20, 2025. Plaintiff filed a Response on September 3, 2025. (Doc. 43).

## APPLICABLE LAW AND LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)).

## ANALYSIS

In its Motion, Continental seeks this Court to order Plaintiff to: (1) provide Federal Rule of Civil Procedure 26(a)-compliant disclosures, (2) provide written responses to Continental's written discovery requests, and (3) produce various documents Plaintiff said he would provide months ago. (*See* Doc. 42, p. 2). Notably,

this is not the first time Continental has described these issues to the Court; in Continental's Motion for Protective Order (Doc. 39), they also described Plaintiff's counsel's refusal to substantively engage in written discovery.

As this Court previously discussed (*see* Doc. 41), Continental asked Plaintiff to supplement his Rule 26 disclosures *six times* (on March 28, April 29, May 16, May 28, June 23, and July 2) after Plaintiff originally served them on March 27, 2025. (*See* Doc. 42, p. 4). According to Continental, Plaintiff finally served amended disclosures on July 2, but Plaintiff has not responded to Continental's request for additional modifications, even though he was ordered to do so by this Court on August 4, 2025. (*See id.*; Doc. 41). Even though Plaintiff's written discovery requests were due on April 3, 2025, Plaintiff did not serve them until May 31, 2025. (*See* Doc. 42, p. 6). Continental sent Plaintiff a meet-and-confer letter on June 23 and scheduled a conference on June 26, 2025; Plaintiff cancelled the conference the morning it was scheduled to take place and requested two additional weeks to supplement his responses. (*Id.*). That deadline (July 10, 2025) has come and gone without a response from Plaintiff. (*Id.*). Continental insists that Plaintiff's Second Supplemental Responses (served on August 18, 2025) were also deficient and that the required forms were not notarized. (*Id.*, p. 8). Continental requests for this Court to compel Plaintiff to respond to Continental's Interrogatories and Requests for Production and to grant Continental its fees and costs associated with bringing the instant Motion. (*Id.*, p. 21). Continental also requests this Court dismiss this case with prejudice if Plaintiff fails to timely comply with this Order. (*Id.*).

In opposition, Plaintiff Moss argues that Continental brought the instant Motion to unduly burden him and argues that he "has complied with his discovery obligations to the best of his ability and has produced all information and documents within his possession, custody, or control." (Doc. 43, p. 2). He argues that "Defendant's dissatisfaction with the level of detail provided does not justify compulsion where Plaintiff has already disclosed all information he reasonably possesses." (*Id.*, p. 3). Regarding Continental's specific concerns, Moss asserts that "Plaintiff has executed authorizations for employment records and, in his experience, notarization has never been required nor is there authority for the same," that Continental's request for medical records is improper, that he is "trying to obtain his tax records directly from his accountant," that "Defendant seeks details about limited gaps [in Moss's employment history] in a 10-year span," and that he is "unable to access his online account with unemployment." (*Id.*, pp. 3–6).

First, this Court's August 4 Order was explicit—Plaintiff was ordered to respond to *all* outstanding written discovery requests no later than August 18, 2025. (Doc. 41). Plaintiff has failed to do so and has openly and flagrantly defied the operative Scheduling Order in this case. (Doc. 34). That aside, this Court agrees that some (not all) of Continental's requests are unduly burdensome and overbroad. With that in mind, the following actions are **ORDERED**:

**I.** **Rule 26(a) Initial Disclosures**. Continental's request is **GRANTED**. Moss shall supplement his Rule 26(a) Disclosures with the required information no later than October 3, 2025.

II. **Authorization Forms**. Continental's request is **GRANTED in part and DENIED in part**. Moss shall provide completed authorizations for release of his employment records, Medicare/Medicaid records, and tax records no later than October 3, 2025. Medical records are not required to prove "garden variety" emotional distress claims and, thus, Continental's request for Moss's medical records is overbroad. *See, e.g.*, *Doe v. Oberweis Dairy*, No. 03 C 4774, 2004 WL 1146712, at *3 (N.D. Ill. May 21, 2004) (citing *Santos v. Boeing Co.*, No. 02–9310, 2003 U.S. Dist. LEXIS 18736, at *4 (N.D. Ill. Oct. 21, 2003); *Santelli v. Electro–Motive*, 188 F.R.D. 306, 309 (N.D. Ill.1999)) (footnote omitted). Therefore, Moss shall not be required to complete a medical records authorization or to provide his medical records in connection with his claim for "garden variety" emotional distress.

III. **Interrogatory Answers**. Continental's requests are **GRANTED in part and DENIED in part**. This Court is not moved by Plaintiff's argument that Continental "seeks details about limited gaps in a 10-year span" (Doc. 43, p. 4) when Continental notes gaps in Moss's employment history from "July 2015 to October 2018 or April 2020 to January 2021" (Doc. 42, p. 13). More than three years of a ten-year employment history is not a "limited gap." Additionally, Moss's argument that "a final computation [of damages] is not required" is flatly incorrect. While Moss will certainly continue to accrue attorney's fees, Rule 26 requires a computation for each category of damages claimed. *See, e.g.*, *Sauer v. Exelon Generation Co., LLC*, No. 10 C 3258, 2011 WL 3584780, at *9 (N.D. Ill. Aug. 15, 2011) (citing FED. R. CIV. P. 26(a)(1)(A)(iii); *Lancelot*

*Investors Fund, L.P. v. TSM Holdings, Ltd.*, 2008 WL 1883435, at *4 (N.D. Ill. April 28, 2008); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); 1993 Advisory Committee Notes to FED. R. CIV. P. 26(a)(1)). However, this Court holds that information on Moss's *potential* employers is irrelevant. Therefore, Moss shall fully and completely respond to Continental's Interrogatories Nos. 2, 3, 4, and 11 no later than October 3, 2025.

IV. **Requests for Production**. Continental's requests are **GRANTED in part and DENIED in part**. Moss being "unable to access his online account with unemployment" (Doc. 43, p. 5) is insufficient. Moss shall provide all of the documentation Continental has requested. However, this Court agrees with Moss that his social media presence is not relevant to the instant case. Therefore, Moss shall provide the documents requested in RFP Nos. 4, 9, 10, 28, 29, 30, and 33 no later than October 3, 2025.

Considering the above and because this Court does concur with some of Moss's objections, this Court declines to award Continental its costs and fees associated with bringing the instant Motion. However, Plaintiff is sternly and expressly warned that failure to comply with this Order will result in dismissal of this case with prejudice for failure to follow a Court order in accordance with Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b); *see also James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

## CONCLUSION

For the reasons set forth above, Continental's Motion to Compel (Doc. 42) is **GRANTED in part and DENIED in part**. Plaintiff shall respond to Continental's written discovery requests as described above no later than October 3, 2025.

**IT IS SO ORDERED.**

**DATED: September 24, 2025**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN
U.S. District Judge**
