IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MOSS,<br><br>    **Plaintiff,**<br><br>v.<br><br>**CONTINENTAL TIRE THE AMERICAS, LLC,**<br><br>    **Defendant.** | Case No. 24-CV-01477-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Motion to Dismiss Plaintiff's Complaint filed by Defendant Continental Tire The Americas, LLC. (Doc. 49). Having been fully informed of the issues presented, Continental's Motion to Dismiss is **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff William Moss is a former employee of Continental, having worked at their location in Jefferson County, Illinois from October 2021 to November 2022. (*See* Doc. 26). Moss alleges that he was subjected to various forms of discrimination and retaliation while employed at Continental and brings the following claims in his operative Amended Complaint: (1) race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*; (2) gender/sexual harassment/discrimination in violation of Title VII; (3) retaliation in violation of Title VII; (4) creation of a hostile workplace in violation of Title VII; and (5) discrimination in violation of 42 U.S.C. § 1981. (*See id.*).

This Court entered a Scheduling Order in this case on March 21, 2025. (Doc. 34). Defendant Continental filed a Motion for Protective Order on July 16, 2025; Continental requested this Court to ensure that Plaintiff's deposition was completed prior to taking Continental's corporate representative's deposition. (Doc. 39). This Court granted Continental's Motion for Protective Order on August 4, 2025. (Doc. 41). Continental then filed a Motion to Compel (Doc. 42) on August 20, 2025; this Court granted the Motion in part and denied it in part on September 24, 2025. (Doc. 48). The instant Motion was filed on October 9, 2025. Plaintiff filed a Response on October 17, 2025. (Doc. 53). Continental filed a Reply on October 24, 2025. (Doc. 56). This Court held oral argument on the Motion to Dismiss on November 10, 2025. (Doc. 58).

## APPLICABLE LAW AND LEGAL STANDARDS

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* In addition to being relevant, the discovery sought must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citing FED. R. CIV. P. 26(b)(1)).

Federal Rule of Civil Procedure 37(a)(1) permits a party to "move for an order compelling disclosure or discovery" provided that the motion includes "a certification

that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This certification is also required by Local Rule 26.1(c)(2) and the Court's Case Management Procedures. Rule 37(b) provides that failure to comply with a discovery order issued by the court is a sanctionable offense, with potential sanctions including dismissal of the action in whole or in part, default judgment, or holding a party in contempt of court. *See* FED. R. CIV. P. 37(b)(2)(A).

"Under Rule 41(b), the district court has authority to dismiss a case if the 'plaintiff fails to prosecute.'" *Pouliot v. Bd. of Trs. of Univ. of Ill.*, No. 21-2735, 2025 WL 1275774, at *2 (7th Cir. May 2, 2025) (quoting FED. R. CIV. P. 41(b)). "The court may 'infer a lack of intent to prosecute a case from a pattern of failure to meet court-imposed deadlines.'" *Id.* (quoting *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1117 (7th Cir. 1994)); *see also Ledford v. Waldo*, No. 23-2463, 2024 WL 1104785, at *2 (7th Cir. Mar. 14, 2024). "And the court does not need to impose less severe sanctions before dismissing the case '[w]here the pattern of dilatory conduct is clear.'" *Pouliot* at *2 (quoting *Dickerson*, 32 F.3d at 1117) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)). "The district court need only provide 'due warning' to the plaintiff's counsel that an imminent threat of dismissal is likely." *Id.* (citing *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995) (citing *Ball*, 2 F.3d at 755).

## ANALYSIS

Defendant Continental raises the same issues with Plaintiff's inadequate and tardy discovery responses as raised and addressed by this Court on August 4, 2025 (Doc. 41) and September 24, 2025 (Doc. 48). They insist that Plaintiff Moss has not

supplemented his Rule 26 disclosures since July 2, 2025 even after this Court ordered him to so (Doc. 49, p. 3 (citing Docs. 41, 48)), has failed to execute and serve employment authorizations after ordered by the Court to do so (*id.*, p. 4), has failed to supplement his responses to Continental's Interrogatories (*id.*, pp. 5–9), and has failed to provide the documentation he was ordered to produce (*id.*, p. 12). Continental requests that this case be dismissed with prejudice and that this Court grant it attorneys' fees and costs associated with their Motion. (Doc. 49, pp. 12–13).

In opposition, Plaintiff insists that he "complied with the terms of the order to the best of his ability and has addressed the issues raised in Defendant's motion. (Doc. 53, p. 1 n.1). Plaintiff's counsel writes that because Moss does not have a computer, "Plaintiff has had significant technological challenges through which his counsel has tried to navigate without revealing confidences to opposing counsel." (*Id.*, p. 2 n.2). Plaintiff's counsel insists that "Plaintiff has not engaged in any dilatory conduct and has not been unresponsive" and that "Plaintiff's counsel's assistant responded each time there was in inquiry" and that "more time was needed to try to get the information from Mr. Moss." (*Id.*). Plaintiff's counsel also insists that Continental failed to follow Rule 37(a)(1), Local Rule 26.1(b), and this Court's Case Management Procedures in that Defendant did not make an effort to meet and confer with her prior to filing the instant Motion. (*Id.*, pp. 4, 11–12). Additionally, Plaintiff's counsel argues that Plaintiff has made every effort to comply with this Court's orders. (*Id.*, pp. 6–8). She also argues that Continental has not suffered prejudice and that it has manufactured issues where none exist. (*Id.*, pp. 14–20).

Continental provides a very different narrative in its Reply. (Doc. 56). Continental argues that "Plaintiff makes unpersuasive excuses and misstates the facts." (*Id.*, p. 2 (footnote omitted)). Continental notes that, unlike Rules 26 and 37, evidence of a good-faith attempt to meet and confer is not required for a Rule 41 Motion. (*Id.*, p. 2). Continental asserts that it has provided detailed answers to Plaintiff's written discovery requests and calls Plaintiff's arguments "egregious," "inconsistent with reality," "without support," and a "flagrant violation of a Court order." (*Id.*, pp. 3–5). Continental also insists that all of Plaintiff's cited caselaw is distinguishable from the instant case. (*Id.*, pp. 5–6).

First, Plaintiff's arguments regarding the "meet and confer" requirement are meritless. As Continental notes, Rule 41 does not require the parties to provide this certification. (*See* Doc. 56, p. 2). Moreover, it appears that Continental has made extensive efforts to confer with Plaintiff prior to filing its various Motions with this Court. (*See id.* ("Continental already filed a discovery motion under Rule 37—which was granted—prior to which Continental attempted to meet and confer with Plaintiff on at least 17 occasions over seven months." (footnote omitted)); *see also* Docs. 39, 42, 49).

Moving forward, it is undeniable that this is the third time that Plaintiff Moss's conduct during discovery has been brought before this Court. Plaintiff Moss was put on notice on August 4, 2025 (Doc. 41) and September 24, 2025 (Doc. 48) that failure to comply with this Court's orders would result in dismissal of this case. Plaintiff was "sternly and expressly warned" on September 24, 2025 that failure to comply with this Order would result in dismissal of this case with prejudice for failure to follow a

Court order in accordance with Federal Rule of Civil Procedure 41(b). (Doc. 48 (citing FED. R. CIV. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993)); *see Pouliot*, 2025 WL 1275774, at *2 (quoting FED. R. CIV. P. 41(b*));* *see also Ledford*, 2024 WL 1104785, at *2.

Because Continental admits that Moss did provide another set of supplemental responses to Continental's Interrogatories on October 3 (*see* Doc. 49), the question is whether Moss's responses are sufficiently fragmentary such that they violate this Court's September 24, 2025 Order. (Doc. 48). A recent Seventh Circuit case is instructive. In *Pouliot*, the plaintiff submitted discovery responses that were "woefully deficient" and did not relate to her legal claims in any way. 2025 WL 1275774 at *1. Moreover, the plaintiff's contumacious conduct lasted for two years prior to the district court's dismissal of the case: "[t]he court correctly observed—and Pouliot herself admits—that she engaged in a yearslong pattern of dilatory conduct by failing to comply with court orders and ignoring discovery requests." *Id.* (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1117 (7th Cir. 1994)); *see also McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) (affirming district court's dismissal after plaintiff's sixteen-month delay in prosecuting his case); *Dukes v. Cox*, 657 F. App'x 596, 599 (7th Cir. 2016) (affirming district court's dismissal after plaintiff's five-year delay in prosecuting her case). Additionally, the Seventh Circuit held that it was not "fundamentally wrong" for the district court to determine that Pouliot's status as caregiver for her ill spouse "did not excuse her from her discovery obligations." *Pouliot* at *2 (citing *Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868, 872–

76 (7th Cir. 2001); *Dickerson*, 32 F.3d at 1117–19). The Seventh Circuit also affirmed another recent Rule 41(b) dismissal where the plaintiff exhibited "a clear record of delay and contumacious conduct by failing to appear for status conferences, respond to motions, or participate in discovery." *Ledford v. Waldo*, No. 23-2463, 2024 WL 1104785, at *2 (7th Cir. Mar. 14, 2024).

There are factors here pointing in either direction. Clearly, Moss has responded to Continental's motions and has participated in discovery; Moss's diligence and degree of participation are at the forefront of Continental's Motion. Notably, Moss has provided limited factual details to back up his claims since the inception of this case. (*See* Docs. 25, 30). Moss's counsel insists that Moss lacks technological savviness and simply does not possess all of the documentation that Continental demands. (*See* Doc. 54).

This Court specifically stated in its Order filed on March 10, 2025 that "if Moss's claims 'are deficient, they can be pared off on *summary judgment*.'" (Doc. 30, p. 9 (emphasis added) (quoting *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024))). This Court is loath to dismiss a case prior to its adjudication on the merits. After oral argument and after reviewing Moss's responses to Continental's Interrogatories in camera, this Court holds that Moss has made a good faith, if threadbare, effort to comply with this Court's discovery orders and with Continental's discovery requests. At this stage, it appears that Plaintiff Moss's purportedly deficient responses to discovery are due to lack of information, to his own technological limitations, and to genuine misunderstandings associated with comprehension, not to any dilatory or vexatious motive. This Court holds that Moss's

responses do not represent flagrant disregard for this Court's orders. Therefore, this Court declines to sanction Moss via dismissal of this case. That being said, this Court is concerned about the amount of time Continental was required to expend to obtain basic written discovery responses from Moss. Thus, while this case will not be dismissed as a sanction and Continental will not be awarded its costs and fees at this point, this Court cautions Moss that additional discovery teeth-pulling on information backing up his claims may result in the award of costs and fees at a later date should discovery require additional expenditure of this Court's resources.

In that vein, this Court will tolerate no additional delays in discovery absent exceptional and unforeseen circumstances. This Court expects and demands that the parties in this case work together to bring this case to a final adjudication on the merits as expeditiously as possible. Additionally, Moss's counsel of record shall take special care to personally ensure that Plaintiff Moss fully complies with this Court's discovery orders.

## CONCLUSION

For the reasons set forth above, Continental's Motion to Dismiss (Doc. 49) is **DENIED**. The stay on discovery is hereby **LIFTED**.

**IT IS SO ORDERED.**

**DATED:  November 21, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
